IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAIAH GREGORY,

        Petitioner,

vs.                                  No. 16-00531-DRH

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

    **I. Introduction, Background and Procedural History**

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). The government opposes the motion (Doc. 8). Based on the following, the Court denies the petition. Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter. It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner

did not provide additional facts or assertions that would warrant a hearing).

On June 29, 2009, the Court sentenced Gregory to 327 months imprisonment for conspiracy to distribute and possess with intent to distribute cocaine, distribution of crack cocaine within 1,000 feet of a public housing facility and other drug distribution offenses and the Clerk of the Court entered judgment reflecting the same. *United States v. Gregory*, 07-30099-DRH; Docs. 147 & 150. Gregory was sentenced for being a career offender under U.S.S.G. § 4B1.1. Gregory appealed his sentence and conviction asserting that he should not have been characterized as a career offender and that his sentence was so extreme as to be unreasonable for the purposes of 18 U.S.C. § 3553(a). The Seventh Circuit Court of Appeals issued its Mandate affirming Gregory's sentence and conviction on April 14, 2010. *Id*. at Doc. 196; *United States v. Gregory*, 591 F.3d 964 (7th Cir. 2010).[1] The Seventh Circuit held that Gregory's prior conviction under Illinois law for robbery constituted a felony conviction for a crime of violence and that his sentence was not substantively unreasonable.

Gregory did not file a 28 U.S.C. § 2255 petition regarding his sentence and conviction until he, *pro se*, filed the instant petition on May 13, 2016 (Doc. 1). Gregory bases his petition on *Johnson v. United States*, 135 U.S. 2551 (June 26, 2015). Gregory again argues that his designation

---

[1] The first line of the Seventh Circuit's decision reads: "Isaiah Gregory is still a young man, but he has a lengthy enough criminal record to have earned sentencing as a career offender for his latest drug crimes." *Id* at

as a career offender based on his prior conviction for robbery was improper because the crime was committed when he was a juvenile and carried a juvenile sentence. Gregory also argues that his robbery conviction was classified as a crime of violence under § 4B1.12(a)(2), which mirrors the unconstitutionally vague language of the ACCA residual clause. Pursuant to Administrative Order 176, the Court appointed the Federal Public Defenders Office to represent Gregory, directed the Federal Public Defender to file an amended petition and directed the government to respond to the amended petition (Doc. 2). On May 31, 2016, Gregory filed a motion to set aside the Order appointing the Federal Public Defender's Office and that same day the Court granted the motion (Docs. 4 & 5). Thereafter, the government filed its opposition to the motion (Doc. 8) and Gregory, *pro se*, filed a reply (Doc. 9). As the petition is ripe, the Court turns to address its merits.

## II. Analysis

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. 28 U.S.C. § 2255(a). In *Johnson*, the Supreme Court addressed the constitutionality of a certain portion of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.' " *Id*. at 2555. The statute defines a violent felony as follows: "any crime punishable by

imprisonment for a term exceeding one year ... that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [commonly called the "force" clause]; or (ii) is burglary, arson, or extortion, involves use of explosives [commonly called the "enumerated offenses"], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [commonly called the "residual" clause]." 18 U.S.C. § 924(e)(2)(B) (emphasis added). As noted, the portion of § 924(e)(2)(B)(ii) italicized by the Court is known as the residual clause. In *Johnson,* the Supreme Court held imposition of an enhanced sentence under the residual clause of the ACCA violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Importantly, the Supreme Court in *Johnson* did not strike any other provision of the ACCA, including subsection (i) - the force clause. *Johnson*, 135 S. Ct. at 2563.

In addition, the Seventh Circuit held in *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015), that "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." Therefore, defendants who sentences were increased based on the residual clause of the Armed Career Criminal Act can qualify for relief under § 2255. On August 25, 2015, the Seventh Circuit stated in dicta, "[W]e proceed on the assumption that the Supreme

Court's reasoning [in *Johnson*] applies to section 4B1.2 as well." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015). The appellate court further noted that the U.S. Sentencing Commission is seeking comments on a proposal to change the guideline language to make it conform to *Johnson*. *Id.* The Court notes *Johnson*, considered in conjunction with *Price* and *Ramirez*, presents *the possibility* that an individual sentenced as a career offender, based on the Guideline's definition of a "crime of violence" and the Guidelines "residual clause," may have grounds for challenging his federal conviction by means of a motion brought before the sentencing court pursuant to § 2255.

Here, the Court finds that Gregory's arguments miss the mark. *Johnson* does not apply to Gregory's case as he was not sentenced under the vague residual clause of U.S.S.C. § 4B1.2(a)(2). Rather, Gregory was classified as a career offender under § 4B1.2(a)(1). Under the Sentencing Guidelines, career offender status applies when the defendant's instant offense is a felony crime of violence or controlled substance offense (clearly controlled substances here) and the defendant has two prior felony convictions of crimes of violence or controlled substances offenses. U.S.S.G. 4B1.1. Gregory's classification as a career offender rests on Illinois convictions for robbery (of just $30)[2] and aggravated discharge of a

---

[2] Madison County, Illinois Circuit Court case no. 00-CF-887. This charge was amended pursuant to a plea agreement from an original charge of armed robbery. According to the presentence investigation report, the defendant was charged and convicted as an adult in

firearm.[3] The Illinois robbery statute classifies robbery as a Class 2 felony and provides in part: "A person commits robbery when he or she knowingly takes property … from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a). As held by the Seventh Circuit, "[i]t is beyond dispute that under Illinois law, robbery is an offense that has an element the use or threatened use of force" as required by § 4B1.2(a)(1). *United States v. Carter*, 910 F.2d 1524, 1532 (7th Cir. 1990). Furthermore, robbery is enumerated in the career-offender guideline application notes as a crime of violence. See U.S.S.G. 4B1.2. Clearly, under both Illinois law and under the Sentencing guidelines, robbery is a crime of violence. Thus, *Johnson* is not applicable in Gregory's case.

Moreover, the Seventh Circuit affirmed Gregory's career offender status based on his prior robbery conviction. On appeal, Gregory made these same arguments that he rehashes in his petition. These arguments were rejected by the Seventh Circuit in a lengthy discussion. Specifically, the Seventh Circuit held:

> Like the majority of our colleagues, we are not persuaded by the Fourth Circuit's approach. We find it difficult to believe that the Commission would have made such an important point about juveniles convicted as adults using such subtle linguistic signals. If the Commission had wanted to draw such a sharp distinction between juveniles with adult

---

this case, though he served his sentence in the Juvenile Division of the Department of Corrections due to his age.
[3] Madison County, Illinois Circuit Court case no. 04-CF-049. Gregory concedes that this conviction qualifies as a violent crime pursuant to the Career Offender Guideline, § 4B1.1.

> convictions sentenced as adults and those sentenced as juveniles, it would have done so clearly. We conclude, therefore, that the critical question is whether the juvenile was convicted as an adult, not how he was sentenced.
>
> That disposes of Gregory's principal claim. He was old enough to be moved over to adult courts at the time he committed his robbery, and that is what the state decided to do. He was sentenced to six years as an adult, and only then was he moved to a juvenile detention facility. People serve their sentences in many different places: some are moved to private prisons; some wind up spending time in the facilities of another state or the federal government; some are lodged in county jails. The location is unimportant. What does matter is the underlying conviction. Gregory could not have received a sentence for a definite term of six years if the state had been proceeding under the Juvenile Court Act, § 5-750(3); as the conviction reflects, he received a sentence for a class 2 felony, pursuant to 730 ILCS 5/5-4.5-35(a)."

*Gregory*, 591 F.3d at 967-68. Additionally, the Seventh Circuit held:

> [T]hese were both crimes of violence as the Guidelines define them. ... The district court recognized that it had the discretion to sentence Gregory to a shorter term. It chose not to do so, and explained why it thought that Gregory's record taken as a whole required the 327-month sentence. The court was well aware that Gregory was young at the time he committed the predicate offenses, and was still just in his mid-20s when he found himself facing these federal charges.
>
> We see no principled way in which we could find that the court's choice of sentence-falling as it did within the properly computed guideline range-was so poorly supported by the record that we should brand it 'unreasonable'."

*Id*. at 968.

The *Johnson* ruling does not constitute "changed circumstances" with regard to the issues raised in this petition. *Johnson* applies only to the ACCA residual clause as reflected in § 4B1.2(a)(2). *Johnson*, 1135 S.Ct. at 2563. *Johnson* does not apply to Gregory. Accordingly, the Court denies and dismisses with prejudice Gregory's 28 U.S.C. § 2255 petition.

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### IV. Conclusion

Accordingly, the Court **DENIES** Gregory's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 20th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.20 16:06:47 -05'00'

**United States District Court**